# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

| | |
|---|---|
| JAMES THURBER, and<br>ADRIENNE THURBER, and<br>MARK THURBER, and<br>BURTON THURBER<br>              Plaintiffs | )<br>)<br>)<br>)<br>)<br>)<br>) |
| v. | ) |
| THE TOWN OF SPRINGFIELD VERMONT,<br>and NICHOLAS PICERNO,<br>FORMER CHIEF OF POLICE,<br>Town of Springfield in his official capacity,<br>and POLICE OFFICERS<br>MARK A FOUNTAIN, PHILLIP ROBERTS,<br>JOHN ESPOSITO, ROBERT SIMMONS,<br>THOMAS HERB, NORMAN MCCART, and<br>THE ESTATE OF EDWIN BRODIE,<br>in their individual and official capacities<br>              Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DOCKET NO: *2:01-cv-232*

## COMPLAINT

NOW COMES the Plaintiffs, James Thurber, Adrienne Thurber, Mark Thurber and Burton J. Thurber, by and through their counsel, McCarty Law Offices, P.C., and hereby COMPLAINS and ALLEGES of the Defendants, the Town of Springfield, Nicholas Picerno, Former Chief of Police, the Springfield Police Department, and individual officers, Mark Fountain, Phillip Roberts, John Esposito, Robert Simmons, Thomas Herb, Norman McCarty and the Estate of Edwin Brodie as follows:

### JURISDICTION

1.     This action is brought pursuant to 42. U.S.C. Sec. 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. The Plaintiffs further invoke the Pendent Jurisdiction of this Court to hear and decide claims arising under the laws of the State of Vermont.

2.     The amount in controversy exceeds jurisdictional requirement of $75,000 exclusive of interest and costs.

### PARTIES

3.     **Plaintiffs, James Thurber, Adrienne Thurber, Mark Thurber and Burton J. Thurber** are residents of Springfield, County of Windsor and the State of Vermont and are citizens of the United States.

4.     **Defendant, Town of Springfield** is a municipality existing under the laws of the State of Vermont and is located in the County of Windsor, and is a local municipality that receives federal funding. It operates the police department for whom all of the named police officers were employed when they engaged in the acts that precipitated this lawsuit. As described below, the Town of Springfield's official policy, custom and practice of inadequately investigating acts of police

McCARTY LAW<br>OFFICES<br>P.O. Box 735<br>BRATTLEBORO,<br>VERMONT<br>05302-0735

misconduct against citizens, of routinely acquiescing in police misconduct against citizens, and of not taking obvious and necessary measures to prevent the recurrence and perpetuation of systematic acts of police abuse against citizens has lead to the constitutional wrongs alleged herein.

5. **Defendant, Springfield Police Department,** is located in County of Windsor and the State of Vermont.

6. **Defendant, Mark Fountain,** upon information and belief, is and at all relevant times was a police officer in the Springfield, Vermont Police Department. He is sued in his individual and official capacity.

7. **Defendant, Phillip Roberts,** upon information and belief is and at all relevant times was a police officer in the Springfield, Vermont Police Department. He is sued in his individual and official capacity.

8. **Defendant, John Esposito,** upon information and belief is and at all relevant times was a police officer in the Springfield, Vermont Police Department. He is sued in his individual and official capacity.

9. **Defendant, Robert Simmons,** upon information and belief is and at all relevant times was a police officer in the Springfield, Vermont Police Department. He is sued in his individual and official capacity.

10. **Defendant, Thomas Herb,** upon information and belief is and at all relevant times was a police officer in the Springfield, Vermont Police Department. He is sued in his individual and official capacity.

11. **Defendant, Norman McCart,** upon information and belief is and at all relevant times was a police officer in the Springfield, Vermont Police Department. He is sued in his individual and official capacity.

12. **Defendant Nicholas Picerno** was the Chief of the Springfield Police Department. In that capacity, he was administering a Department that set a policy of deliberate indifference to the misconduct committed by police officers against citizens. He is sued in his official capacity and as an individual.

13. **Defendant Estate of Edwin Brodie** upon information and belief is and at all relevant times was a police officer in the Springfield, Vermont Police Department. His Estate is sued in his individual and official capacity.

14. At all times relevant to this action, the Defendants acted under color of state law within the meaning of 42 U.S.C. §1983.

**Statement of the Unconstitutional Policy Towards The Plaintiffs**

14. As a matter of official policy the Town of Springfield has long allowed members of the public to be abused by its police officers.

15. The abuses inflicted by the Town of Springfield Police Officers include the practice of engaging in unreasonable searches and seizures and using needless and excessive force against the community it is endowed to protect. An example of this is the Mary Eastman case which took place on or about December 2, 1993 when Ms. Eastman was harassed by Officer Brodie and Officer Fountain. See **Eastman vs. Town of Springfield**, Civil Action No. 2:95CV308. See also the

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 2 -

case brought by **Donald J. Coon v. Town of Springfield** wherein Mr. Coon alleged that he and his family were harassed by Springfield Police Officers. Currently, there is also a case pending by Larry Dockum against the Town of Springfield for violations of civil rights by Springfield Police Officers.

16.  The abuses in question are the product of a culture of tolerance within the Springfield Police Department. This culture is rooted in the deliberate indifference of the prior Chief of Police, Nicholas Picerno, and his followers, and other Departmental officials who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct. These municipal officials will be referred to hereafter collectively as the *"Town."*

## Retaliation Against People Who Engage In Constitutionally Protected Speech Or Conduct

17.  As a direct result of the Town's policy of indifference, it is accepted practice for police officers to summarily punish innocent persons who have offended them, where there is no probable cause to believe that those persons have committed a crime. This summary punishment constitutes harassment against people who are engaged in protected Constitutional activities. The summary punishment takes the form of illegal searches, the use of unreasonable and excessive force.

18.  The practice of retaliating against citizens for engaging in protected First Amendment activities is sufficiently widespread to have a chilling affect on such expression by members of the public.

### Summary Punishment Of Citizens Who Offend Police Officers

19.  As a direct result of the Town's policy of indifference, it is accepted practice for police officers to summarily punish innocent persons where there is no cause to believe that those persons have committed a crime.

20.  The punishment referred to in the preceding paragraph includes, but is not limited to, subjecting citizens to the use of unreasonable or excessive force, unreasonable searches and seizures and harassment by following individuals without cause on a continuing basis without any charges being filed.

21.  The practice of subjecting people to summary punishment based on a police officer's personal animosity, unrelated to the commission of any offense under the Crimes Code of Vermont, is a violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution and a violation of Article 6, Article 9, Article 10, Article 11 and Article 13 of the Vermont State Constitution.

### Code of Silence

22.  As a direct result of the Town's policy of indifference, a custom or practice has developed within the police department whereby it is accepted practice for police officers to abide by a "Code of Silence." Under this Code, police officers charged with upholding the law routinely ignore and otherwise fail to report or take action against fellow police officers who have engaged in misconduct, including, but not limited to, carrying out unlawful searches and seizures, using excessive force and falsifying training records.

23.  The accepted practice within the Town police department of abiding by a "Code of Silence" deprives citizens within the jurisdiction of the Town of the equal

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

protection and enforcement of the laws as guaranteed to them by the Fourteenth Amendment to the U.S. Constitution and respective State constitutional protections.

## Pattern of Deliberate Indifference And Acquiescence By Town Officials

24.    The long-standing municipal policy of deliberate indifference to citizen abuse on the part of Springfield Police Officers is reflected in the Town's failure, despite actual and/or constructive knowledge of a widespread pattern of police abuse, to meaningfully investigate citizen complaints of police misconduct; to establish an adequate system of investigating complaints of misconduct; in its failure to discipline at all or to appropriately discipline officers who have abused citizens; and to properly train, evaluate and supervise police officers in connection with the treatment of citizens.

25.    The Town's historical failure to require the proper investigation and adjudication of civilian complaints of police misconduct has allowed police officers (including those named in this action) who pose a threat to the safety, liberty and security to the plaintiffs to remain on active duty without sufficient re-training and corrective discipline. As a result, police officers are tacitly encouraged and allowed to repeatedly violate with impunity people's constitutional rights.

26.    The Town's historical failure to appropriately discipline its police officers for abusing people's constitutional rights has tacitly encouraged and allowed police officers to engage in such conduct.

27.    The Town's historical failure to properly train, supervise and evaluate its police officers has also encouraged and enabled officers to engage in the systematic abuse of citizens.

28.    The policy of municipal indifference that has been the driving force behind the repeated violations of citizens' rights has been reflected by the following:

a.    The Town, despite having actual notice of police misconduct on the part of its police officers has routinely taken no disciplinary action against such officers;

b.    The Town has never terminated the employment of any Town of Springfield Police Officer on account of alleged abuse towards a citizen, including proven allegations of constitutional violations such as use of excessive force;

c.    The Springfield Police Department employs officers, including several who are named Defendants in this action, who have numerous complaints of serious misconduct against them. The Town is aware of the allegations against these officers, yet has never taken meaningful disciplinary action to prevent further violations of citizens' constitutional rights by the officers;

d.    The Town fails to punish police officers who abide by an unwritten "code of silence," and fails to protect officers who break the code of silence from harassment or retaliation by other officers. The code of silence consists of one simple rule; an officer does not provide adverse information against a fellow officer. The code of silence, which influences the behavior of many officers in a variety of ways, violates a police officer's public responsibility to ensure compliance with the law. Police officers, therefore, believe that if they fail or refuse to participate in the "code of silence" or fail to cover up or conceal the misconduct of other

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 4 -

officers, that such failures will cause them to be ostracized by fellow officers, will adversely affect their ability to get support from other officers in the field, and will adversely affect the opportunities for promotion and other employment benefits. The Town's failure to eliminate the code of silence encourages constitutional violations even though witnessed by other officers and enables such violations to continue with impunity;

f.  The Official Defendants condone and encourage police officers in their belief that they can violate with impunity the federally secured rights of Plaintiffs by implementing policies and procedures whereby misconduct does not adversely affect opportunities for promotion and other employment benefits;

g.  The Town on numerous occasions has received notice that its police officers engaged in unconstitutional conduct, including carrying out and committing excessive force and/or engaging in other police misconduct and despite such knowledge and notice failed to discipline the officers who engaged in such conduct;

h.  The Town, despite receiving numerous complaints of use of excessive force, and unreasonable searches and seizures, does not have a system to periodically evaluate the performance of its police officers.

## FACTUAL ALLEGATIONS

29.  On or about April 1, 2000, there was an alleged noise complaint in regards to the Plaintiffs' release of bottle rockets on their property located at Monument Hill Road, Springfield, Vermont.

30.  The Springfield Police Department's Dispatcher telephoned the Plaintiffs' residence, with regards to the noise complaint, and asked the Plaintiff, James Thurber, "if everything was ok." James Thurber stated that "everything was ok."

31.  About fifteen to twenty minutes after the Dispatcher's telephone call the Plaintiffs were informed there were three Springfield Police vehicles at the bottom of the their driveway.

32.  Plaintiff Adrienne Thurber, wife of James Thurber, and Plaintiff Mark Thurber, nineteen-year old son of James, went outside to check on the situation and were met by three Springfield Police Officers, who were pointing spotlights and three weapons at their heads.

33.  At no time did the Officers announce who they were and why they were on the premises.

34.  Plaintiff James Thurber went outside and instructed the officers to vacate the premises.

35.  Once outside Plaintiff James Thurber was also confronted by three spotlights, he discovered that three Springfield Police Officers had guns drawn, two of the weapons were high powered weapons, AR-15's, pointed at his head.

36.  One of the Officers, Officer Phillip Roberts was shaking with his hand on the trigger of his weapon.

37.  At that time one of the Officers assaulted Mr. Thurber resulting in a bruise on Mr. Thurber's right arm.

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 5 -

38. Plaintiff, James Thurber then, for a second time, asked the officers to immediately leave Plaintiff, James Thurber's, property.

39. On or about April 20, 2000, Plaintiff James Thurber reported a stolen vehicle from his residence to the Springfield Police Department. The Springfield Police failed and refused to investigate the matter.

40. On or about April 13th, 2000, James and Adrienne Thurber were driving their red Jeep Cherokee when they were pulled over by a Springfield Police Officer. The alleged violation was driving while intoxicated and speeding. Mr. Thurber passed a sobriety test and was issued a speeding ticket. Mr. Thurber disputed the ticket and was successful. The officer requested another hearing and the case was dismissed.

41. On or about May 28, 2000, Mark Thurber was followed by a Springfield Police Officer while driving James Thurber's red Jeep Cherokee.

42. On or about May 29, 2000, James Thurber was driving his red Jeep Cherokee and was pulled over by a Springfield Police Officer. The alleged violation was speeding. No violation was issued.

43. On Friday, July 14, 2000 at approximately 6:30 p.m., Mark Thurber was lawfully operating a motorcycle in the Town of Springfield and he was followed home by a Springfield Police Officer, who entered upon the Thurber's property, without probable cause, and without a warrant. The Officer did not announce that he was on the premises.

44. The Springfield Officer, John Doe, entered the garage of the home, which also has an apartment for Plaintiff, Burton James Thurber, on the top floor.

45. After entering the garage, Officer John Doe, went to the front door and spoke with James and Mark Thurber announcing why he was on the premises. As a result of the conversation, the Officer then left the premises without filing any complaints against Mark Thurber.

46. When Adrienne Thurber returned home she requested the name and badge number of the officer who left the property and were at the neighbors, however, the Springfield Officer refused to give his name and badge number.

47. The Plaintiffs are continually harassed by Springfield officers in that they are followed without cause, detained without cause and in constant, imminent fear of harassment by Springfield officers.

48. As a direct and proximate result of the Springfield Police Department's actions toward the Plaintiffs, the Plaintiffs have suffered harassment, humiliation, emotional distress and physical injury as set forth more specifically below.

49. On or about June 30, 2001, James Thurber was firing a revolver on his premises when several Town of Springfield Police Officers arrived at his residence and harassed Mr. Thurber, and once again, no charges were filed against Mr. Thurber.

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

## COUNT I. INJUNCTIVE RELIEF

50.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 49, as if fully set forth herein.

51.   The constitutional violations described in this complaint are both pervasive and predictable. Based upon the history and severity of the prior complaints, it is clear that police misconduct against people in Springfield is widespread. Furthermore, many instances of police misconduct go unreported because people perceive the system to be ineffectual because it is part of the police department, is housed in an office adjacent to that of the Chief of Police, and so few complaints are sustained. These and other factors dissuade people from filing complaints.

52.   The absence of a system to properly investigate citizen complaints, to appropriately punish officers who have crossed the constitutional line, to dismantle the Code of Silence, to properly train officers about citizens' rights and other serious defects sow the seeds of abuse, making it inevitable that each year there will be more victims of police misconduct.

53.   The individual Plaintiffs and persons they represent have a reasonable fear that they will continue to be subjected to Defendants' unlawful and unconstitutional actions, policies, and practices and that Plaintiffs and class members will continue to suffer injury and damage as a result thereof. The named Plaintiffs live and travel in Springfield and continue to encounter Springfield Police Officers. Until such time as the deliberate indifference of the Town is remedied, the named individual Plaintiffs will continue to be at risk for the deprivation of their constitutional rights.

54.   The Plaintiffs have suffered and will continue to suffer irreparable injury unless this court orders injunctive relief sufficient to end the pattern, practice and custom of abuse of the constitutional rights of the Plaintiffs. In light of the historical pattern of misconduct by Springfield police officers, the deliberate indifference of official Defendants to this pattern of misconduct, and their repeated denials in the face of clear evidence that a pattern of abuse and misconduct exists, Plaintiffs and other members of the community are likely to be the victims of future incidents similar to those set forth in this Complaint. There is a real and immediate threat that Defendants will inflict further injury and damage on them, for which there is no adequate remedy at law.

## COUNT II. CAUSES OF ACTION

### First Cause of Action Violations of U.S. Constitution

55.   Plaintiffs hereby reallege and incorporate by reference the claims and allegations of paragraphs 1 through 54 above.

56.   The search, seizure, excessive force, and harassment against the Plaintiffs violates their First, Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution and Articles 6, 9, 10, 11 and 13 of the Vermont Constitution.

57.   The Defendants, individually, jointly and severally owed the Plaintiffs a common law duty to exercise reasonable care in ensuring the rights of the Plaintiffs as set forth in the United States Constitution, specifically the First, Fourth, Fifth and

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 7 -

Fourteenth Amendments and Articles 6, 9, 10, 11, and 13 of the Vermont Constitution.

58. The Defendants, individually, jointly and severally breached their duty by failing to exercise due care in ensuring the rights of the Plaintiffs as set forth in the United States Constitution, specifically the First, Fourth, Fifth and Fourteenth Amendment and Articles 6, 9, 10, 11, and 13 of the Vermont State Constitution, by the named officers with respect to the Plaintiffs.

59. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life as set forth more fully below.

### Second Cause of Action Violation of 42. U.S.C. 1983

60. Plaintiffs hereby reallege and incorporate by reference the claims and allegations of paragraphs 1 through 59 above.

61. The search, assault, battery, harassment, civil trespass, and the use of excessive force violates 42 U.S.C. 1983.

62. The Defendants, individually, jointly and severally owed the Plaintiffs a common law duty to exercise reasonable care in the protection from violations of 42 U.S.C. 1983 by the Springfield Police Officers.

63. The Defendants, individually, jointly and severally breached their duty by failing to exercise due care in the protection from violations of 42 U.S.C. 1983 by the named officers with respect to the Plaintiffs.

64. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life, as set forth more fully below.

### Third Cause of Action Negligent Supervision

65. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 64, as if fully set forth herein.

66. The acts of the Defendants, Town of Springfield, Defendant Nicholas Picerno, Former Chief of Police, individually, jointly and severally owed the Plaintiffs a statutory duty and common law duty to exercise reasonable care in the supervision of the Springfield Police Department.

67. The Defendants, Town of Springfield, Defendant Nicholas Picerno, Former Chief of Police, individually, jointly and severally breached their duty by failing to exercise due care in the supervision of the Springfield Police Department.

68. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries, and loss of enjoyment of life, as set forth more fully below.

### Fourth Cause of Action Negligent Retention

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

69. Plaintiffs hereby reallege and incorporate by reference the claims and allegations of paragraphs 1 through 68 above.

70. The Defendants, Town of Springfield, Defendant Nicholas Picerno, Former Chief of Police, individually, jointly and severally owed the Plaintiffs a common law duty to exercise reasonable care in the retention and discipline of the Springfield Police Officers.

71. The Defendants, Town of Springfield, Defendant Nicholas Picerno, Former Chief of Police, individually, jointly and severally breached their duty by failing to exercise due care in the retention of the named officers with respect to the Plaintiffs.

72. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life, as set forth more fully below.

**Fifth Cause of Action Cause of Action Intentional Tort Battery**

73. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 72, as if fully set forth herein.

74. Plaintiffs, James Thurber and Burton Thurber were grabbed by Springfield Police Officers without their consent and without probable cause.

75. As a direct and proximate result of the battery Plaintiff, James Thurber suffered a large bruise on his right arm.

76. The Defendants, individually, jointly and severally owed Plaintiffs, James Thurber and Burton Thurber a common law duty to exercise reasonable care in the prevention of the intentional tort of battery by the Springfield Police Officers.

77. The Defendants, individually, jointly and severally breached their duty by failing to exercise due care in the callous indifference of the acts of the Springfield Police Officers by allowing said batteries to occur.

78. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life, as set forth more fully below.

**Sixth Cause of Action Intentional Tort Assault**

79. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 78, as if fully set forth herein.

80. Plaintiffs were assaulted by being placed in imminent fear of their lives by the Springfield Police Department when Springfield Police Officers placed three weapons, two high powered weapons, known as AR-15s, at their heads.

81. Plaintiffs were placed in imminent fear of danger when the Springfield Police Officers refused to leave the private residence.

McCARTY LAW OFFICES
P.O. Box 735
BRATTLEBORO, VERMONT
05302-0735

82. The Defendants, individually, jointly and severally owed Plaintiffs, a common law duty to exercise reasonable care in the prevention of the intentional tort of assault.

83. The Defendants, individually, jointly and severally breached their duty by failing to exercise due care in the callous indifference of the acts of the Springfield Police Officers by allowing said assaults to occur.

84. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life, as set forth more fully below.

**Seventh Cause of Action Negligent Infliction of Emotional Distress**

85. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 84, as if fully set forth herein.

86. The foregoing acts, omissions, policies and customs of the Town of Springfield and the Springfield Police Department toward the Thurber family show a pattern of unreasonable harassment.

87. The history of the actions of the Springfield Police Department show a negligent pattern of harassment towards the Thurber family.

88. Plaintiffs are in constant fear of reprisal and harassment by the Springfield Police Department.

89. The Defendants, individually, jointly and severally owed Plaintiffs, a common law duty to exercise reasonable care in the prevention of negligent infliction of emotional distress.

90. The Defendants, individually, jointly and severally breached their duty by failing to exercise due care in the callous indifference of the acts of the Springfield Police Officers by allowing said harassment to continue.

91. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life.

**Eighth Cause of Action Intentional Tort of Infliction of Emotional Distress**

92. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 91, as if fully set forth herein.

93. The foregoing acts, omissions, policies and customs of the Town of Springfield and the Springfield Police Department toward the Thurber family show a pattern of willful, wanton and reckless disregard of harassment.

94. The history of the actions of the Springfield Police Department show an intentional pattern of harassment towards the Thurber family.

95. Plaintiffs are in constant fear of reprisal and harassment by the Springfield Police Department.

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 10 -

96. The Defendants, individually, jointly and severally owed Plaintiffs, a common law duty to exercise reasonable care in the prevention of intentional infliction of emotional distress.

97. The Defendants, individually, jointly and severally breached their duty by failing to exercise due care in the callous indifference of the acts of the Springfield Police Officers by allowing said harassment to continue.

98. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life as set forth more fully below.

### Ninth Cause of Action Violation of Vermont Civil Rights Statutes

99. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 98, as if fully set forth herein.

100. The acts and conduct set forth above constitute assault, battery, negligent and intentional infliction of emotional distress, harassment and negligence under the laws of the State of Vermont, including but not limited to Articles 6, 9, 10, 11 and 13 of the Vermont State Constitution.

101. Defendants acts violate the Plaintiffs' civil liberties as protected under the U.S. Constitution as applied to the State of Vermont through the Fourteenth Amendment.

102. Defendants are therefore liable to the Plaintiffs in damages for violations of their Constitutional, statutory and common-law rights as Vermont citizens.

### Tenth Cause of Action Civil Trespass

103. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 102, as if fully set forth herein.

104. The Defendants individually, severally and jointly committed a civil trespass by refusing to leave private property when requested on April 1st, 2000.

105. There was no probable cause for the police to show up at the Plaintiffs residence on April 1, 2000 or July 14, 2000.

106. The refusal of the Springfield Police Department to leave private property on April 1, 2000, after being requested to do so, constituted a civil trespass.

107. As a direct and proximate result and a foreseeable consequence thereof, the Plaintiffs have suffered loss of personal reputations, other financial losses, great mental anguish, emotional distress, physical injuries and loss of enjoyment of life.

### RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court will:

108. Issue a declaratory judgment that the rights guaranteed to the Plaintiffs by the First, Fourth, Fifth, and Fourteenth Amendments to the United States

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 11 -

Constitution; by 42 U.S.C. §1983 and Articles 6, 9, 10, 11, and 13 of the Vermont Constitution have been violated by the respective Defendants;

109.   Preliminarily and permanently enjoin the Town and all persons acting in concert with them from stopping, questioning, detaining, searching and physically and mentally abusing individuals in the absence of constitutionally sufficient grounds;

110.   Preliminarily and permanently enjoin the Town and all persons acting in concert with it from engaging in or abiding by a "Code of Silence" that intentionally and deliberately ignores unlawful conduct by Police Officers;

111.   Enjoin the Town from accepting, acquiescing in or condoning the police misconduct as hereinbefore described;

112.   Enjoin the Town from following policies, practices or procedures which are intended to, and/or are known to have the effect of establishing, as accepted practice, the police misconduct as hereinbefore described;

113.   Enjoin the Town to take all necessary actions to eliminate the "Code of Silence" followed by Town of Springfield Police Officers, including the implementation of appropriate disciplinary measures against any Officers who participate in the "Code of Silence" and the establishment of appropriate procedures and protections to ensure that all police Officers who report misconduct are not subject to retribution.

114.   Enjoin the Town to initiate, adopt and otherwise implement procedures and practices to eliminate and ensure the prevention of the police misconduct as hereinbefore described, including but not limited to:

a.   establishing effective procedures for the investigation of charges of police misconduct that at a minimum, are designed to determine the veracity of such charges, including the authority to make findings of fact and credibility determinations, to subpoena witnesses, to include civilians in the process and the like;

b.   establish procedures that set forth clearly established penalties to be imposed against Officers who have engaged in police misconduct, and which provide for appropriate disciplinary action, including, but not limited to, suspension and termination;

c.   establish procedures whereby Police Officers employed by the Town of Springfield are subject to regular written evaluations of their work performance;

d.   establish procedures whereby appropriate training and retraining is required or available to Police Officers who have engaged in misconduct or who are known or suspected to be incapable of performing their duties without violating the constitutionally protected rights of citizens;

e.   enjoin the Official Defendants to otherwise establish effective policies and programs with respect to the training, supervision, discipline and promotion of Officers within the Springfield Police Department designed to eliminate the unconstitutional practices hereinbefore described;

f.   Award the named Plaintiffs exemplary and punitive damages against the individual defendants based on the actions of the named individual defendants were willful, wanton and with reckless disregard.

g.   Award reasonable costs and attorneys' fees pursuant to 42 U.S.C. §1988;

h.    Grant such other relief as is just and appropriate.

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 12 -

## DAMAGES

116.    As the further proximate result of the negligent conduct and breaches of duty of
Defendants the Town of Springfield, Vermont, Nicholas Picerno, Mark Fountain,
Phillip Roberts, John Esposito, Robert Simmons, Thomas Herb and Norman
McCart, Plaintiffs James Thurber, Adrienne Thurber, Mark Thurber and Burton
Thurber have had to seek and will continue to require hospital, medical, doctor,
nursing and psychological care and treatment, past, present and future.  Plaintiffs
have suffered and will continue to suffer great expense in the payment of hospital
and medical bills, past, present and future.  Plaintiffs have suffered and will
continue to suffer great physical and mental damages, including but not limited to
emotional distress humiliation, anguish, anxiety and, in some instances, physical
injury, pain and suffering, past, present and future; and have further suffered and
will continue to suffer extreme mental and physical pain and suffering, and the
diminution of their enjoyment of life, past, present and future.  Plaintiffs have
suffered and will continue to suffer loss of employment opportunities, past present
and future, all to their further damage in an amount sufficient to compensate
Plaintiffs for their damages.  Also, the Plaintiffs are seeking punitive damages.
By reason of the aforementioned acts of the Defendants, the Plaintiffs were
compelled to retain legal counsel and hereby request
 an award for their reasonable attorneys fees.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as to all issues.


DATED at Brattleboro, Vermont, this 20  day of July, 2001.

> **James Thurber,**
> **Adrienne Thurber,**
> **Mark Thurber,**
> **Burton Thurber**


> **MCCARTY LAW OFFICES, P.C.**
> 76 High Street, P.O. Box 735
> Brattleboro, Vermont 05302-0735
> (802) 257-7737, fax (802) 257-1135
> http://www.sover.net/~mcartypc/
> mccartylaw@usa.net

By:     _Thomas C. Bixby_____

> **Thomas C. Bixby**

> **ATTORNEYS FOR THE PLAINTIFF**

F:\CLIENTS\Thurber, James\complaint.wpd

McCARTY LAW
OFFICES
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735